BELLENFANT *v.* AMERICAN. NAT. BANK *et al.*

*(Nashville, December Term, 1945.)*

Opinion filed June 1, 1946.

E. W. EGGLESTON, of Franklin, for appellant (complainant below).

JORDAN STOKES, III, and GOODPASTURE & CARPENTER, all of Nashville, for administrator, appellee.

MR. SPECIAL JUSTICE PRIDE TOMLINSON delivered the opinion of the Court.*

The County Court of Davidson County issued to American National Bank letters of administration on the intestate estate of Emmett Bellenfant. Its actions was predicated upon a sworn petition stating that Bellenfant had died a resident of Davidson County. Approximately fourteen months thereafter, appellant, who had a substantial interest in the estate, filed his bill in Davidson County Chancery Court. The bill alleged that deceased had never been a resident of Davidson County and died a resident of Williamson County. The prayer of the bill is that the chancery court decree the proceedings in the

---

*Sitting for Chief Justice Grafton Green.

county court to be void and remove the administrator appointed by that court.

The administrator and other defendants demurred to this bill on the ground that complainant has a plain, adequate and speedy remedy in the County Court of Davidson County. This demurrer was sustained and the bill dismissed. Therefore, on this appeal from the action of the chancellor in dismissing the bill on demurrer it must be accepted as a fact that the deceased was never a resident of Davidson County and that the granting of letters of administration in that county was erroneous, since it is provided by Section 8144 of the Code that letters of administration shall be granted in the county where the intestate had his usual residence at the time of his death.

However, the granting of these letters of administration was not a void act. *Franklin* v. *Franklin*, 91 Tenn. 119, 128, 18 S. W. 61. They may upon proper application and showing be revoked by that county court which ordered their issuance, this power of revocation being vested in that court by Section 10225(2) of the Code. This appellant did, therefore, have available to him a clear, adequate and speedy remedy in the court which issued the letters for the wrong which his bill alleges, and for all the relief for which his bill prays.

The county court of Davidson County is vested by said Code Section 10225(2) with original jurisdiction of the matter of revoking these erroneously issued letters of administration. That original jurisdiction is also a general and an exclusive jurisdiction. *Brien* v. *Hart*, 25 Tenn. 131. The chancery court is without power, therefore, as a court of original jurisdiction to revoke these letters of administration. It has no revisory jurisdiction to correct or relieve the voidable errors of the county

court in this matter, since that may be done only by appeal to a court with appellate jurisdiction in such matter.

The above stated conclusion was reached in the early case of *Wilson* v. *Frazier et al.*, 21 Tenn. 30. In that case, the Granger County Court had granted letters of administration to McKinney. The Jefferson County Court had granted such letters in the same estate to Mrs. Wilson. She then filed her petition for *certiorari* in the Circuit Court of Grainger County, asking that court to revoke the letters issued by the County Court of Grainger County. There had been no appeal to the circuit court from the action of the Grainger County Court in granting the letters. The Supreme Court in holding that the circuit court did not have original jurisdiction said: "There must be a dispute and contest on the subject in the court of probate to confer on the circuit court jurisdiction over the matter by appeal or *certiorari*. If, when the grant of administration was made to the defendants by the county court, the plaintiff had presented her claim, she could have taken her case to the circuit court by appeal or *certiorari*, according to the circumstances. Not having done so, the proceedings to repeal the letters once granted must originate in the county court. Without this, the circuit court has no jurisdiction over the matter." In *Johnson* v. *Gaines, Executor*, 41 Tenn. 288, 289, this Court held as follows: "The paper having been admitted to probate in the County Court of Sullivan, that probate must stand until revoked or vacated by that court, or reversed by the proper appellate tribunal, upon appeal or writ of error. 1 Meigs's Dig. Sec. 48, 54, 55. Assuming the facts to be as alleged in the petition, application should have been made to the County Court of Sullivan to have the probate vacated and annulled, and upon refusal to do so an appeal or writ of error might have been

prosecuted to the Circuit Court of Sullivan." In the case of *Townsend* v. *Townsend, Executor et al.,* 44 Tenn. 70, 80, 94 Am. Dec. 185, this Court held the chancery court to be without jurisdiction in such a matter, and said: "The paper having been thus admitted to probate in the County Court of Sumner County, that probate must stand, until revoked or vacated by the county court in which it was probated, or reversed by the proper appellate tribunal, upon appeal, or writ of error." In *Eller v. Richardson,* 89 Tenn. 575, 579, 15 S. W. 650, 651, this Court again so held saying: "It is true that the county court of the county in which the deceased resided (if he had a residence in but one county), was alone authorized to grant letters of administration upon his estate. Code, sec. 2202. But the place of his residence was a matter for the determination of the court in which the application for letters was made. The letters in the present case were granted by the county court of Trousdale county; hence, that court must have found, as a matter of fact, that the decedent resided in that county. Its judgment is binding on all the world, until reversed on direct attack; that is, on appeal or writ of error, before the proper appellate tribunal."

The cases above cited have never been in any way modified. They seem to be conclusive against appellant on the question presented by this appeal, and they apparently are in accord with the prevailing rule on the question as declared by other jurisdictions.

The textwriter in Ruling Case Law expresses it this way: "It is generally held that the power to remove an executor or administrator is vested exclusively in the Courts of probate and that equity has no jurisdiction." R. C. L. Perm. Supp., p. 2881, sec. 95.

The assignments of error must, therefore, be overruled. The decree of the chancellor is affirmed and costs of the appeal are adjudged against appellant, and the sureties on the appeal bond.