**Della INMAN et al., Appellants,**

v.

**Marvin H. PATTON, Executor, et al., Appellees.**

Supreme Court of Tennessee.

June 30, 1975.

John D. Goodin, David R. Denny, Johnson City, for appellants.

Hallie K. Riner, Elizabethton, for Marvin H. Patton, Executor.

Ben K. Wexler, Greeneville, for Holston Methodist Home, Inc., and Cedar Grove

Methodist Church, Residuary Beneficiaries of the Will of Adah M. Fox, Deceased.

## OPINION

HENRY, Justice.

This appeal involves the proper county of the probate of the last will of a deceased Tennessee resident.

Adah M. Fox was a long-time resident of Washington County, Tennessee. About two years prior to her death in April 1973, she moved to Carter County where she made her home with her nephew and his wife until the time of her death. The estate of her husband had been administered in Washington County; she continued to own real estate and household property in that county, and when she made her will on April 1, 1973, she proclaimed herself to be a resident of Jonesboro, Tennessee, which is the county seat of Washington County.

Her last will and testament was probated in the County Court of Carter County on 23 April 1973, in common form. The appellant herein filed a claim against the estate and simultaneously filed in the County Court of Carter County, a petition maintaining that Adah Fox, at the time of her death, continued to be a citizen and resident of Washington County, Tennessee, and praying that letters testamentary issued by the Carter County Court be revoked or in the alternative, that the executor be directed to qualify and pursue an ancillary administration in Washington County.

Pursuant to appropriate pleadings, the County Judge of Carter County, held that Adah M. Fox was a resident of that county at the time of her death and that the Carter County Court had jurisdiction to administer the estate. He further held that in order that any possible creditors in Washington County have due notice that the will or a copy thereof should be registered in the Register's Office of Washington County, and due publication to creditors made, but subject to the provisions that any claim

filed would be heard in the County Court of Carter County.

On appeal the Circuit Court at Elizabethton held that the will of Adah M. Fox was properly probated in Carter County; that the deceased was a resident of Carter County at the time of her death; and that the action of the County Court requiring "probate" of the will in Washington County was incorrect.

An appeal has been perfected to this Court which assumes jurisdiction on the basis of a stipulation of all of the facts.

■ Our consideration of these matters must start with the presumption that when the County Court exercises its jurisdiction by admitting a will to probate, it does so rightfully and on just grounds. Phillips' Pritchard Law of Wills, Section 43.

■ The Trial Judge expressed some reluctance in entertaining jurisdiction of this case, apparently questioning his right to do so. His reluctance was not well-founded. Where the county court grants letters testamentary or of administration for the estate of a decedent who dies as a resident of another county, any interested party may petition the court to revoke or vacate the probate and either unsuccessful party has the right of appeal to the circuit court. Phillips' Pritchard Law of Wills, Sec. 46; *Bellenfant v. Am. Nat. Bank*, 184 Tenn. 50, 195 S.W.2d 30 (1946).

Section 32–201 T.C.A. reads as follows:

Wills shall be proved and recorded and letters testamentary granted in the county court of the county where the testator had his usual residence at the time of his death, or, in case he had fixed places of residence in more than one (1) county, in either or any of said counties.

Section 315, Phillips' Pritchard Law of Wills reads in part as follows:

A man may have places of residence in more than one county or more than one state, but he can have but one domicile in a legal sense; for the purpose of testamentary disposition, however, the Tennessee statute contemplates that he may have more than one fixed place of residence.

■ The clear import of this statute is that in a case such as this, where an elderly person left the county of her general residence and went to live with relatives in a second county where she ultimately died; and where visible indices of residence would support a holding of residence in either or both counties, that the statute comes into play and probate may be accomplished in either county absent a clear abuse of discretion on the part of the county court of the county of probate. This Court will abide the presumption in favor of the correctness of the opinion and action of the probating county judge.

■ We know of no requirement under Tennessee law for an ancillary administration of the estate of a Tennessee resident. If the county judge, under the circumstances of any particular case, considers it necessary or desirable that the residents of another county be notified of the issuance of letters testamentary or of administration, he has the inherent right to direct that publication be made in that county.

■ In summary we hold that Carter County was a proper county for the probate of the last will and testament of Adah M. Fox and the administration of her estate and that no ancillary administration need be conducted in any other county.

Affirmed and remanded for further proceedings in connection with the administration of this estate.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.