IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

IN RE: ESTATE OF MAPLE IONE
STOCKS

GWYNETH J. HUGHES and LINDA
LYONS, CO-ADMINISTRATRICES C.T.A,

       Appellants,

Vs.

ANNA GAYLE IRONSIDE and
WILLIAM A. GRISHAM,

       Appellees.

FILED

August 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

Obion Chancery No. 19,535

C. A. No. 02A01-9612-CH-00310

_____

FROM THE OBION COUNTY CHANCERY COURT
THE HONORABLE W. MICHAEL MALOAN, CHANCELLOR

H. A. Nohsey of Union City
For Appellants

Philip J. Cooper of Memphis
For Appellees

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal arises from the probate of the Last Will and Testament of Maple Ione Stocks

(Stocks) in the Chancery Court of Obion County. The co-administratrices C.T.A., Gwyneth J.

Hughes (Hughes) and Linda Lyons (Lyons), appeal the order of the chancery court vacating the

order admitting Stocks's will to probate because of a lack of jurisdiction and/or venue, which was made final pursuant to Tenn. R. Civ. P. 54.02.

Stocks died on May 26, 1996 in Obion County as a result of a stroke she suffered a few days earlier while attending the funeral of one of her friends in Obion, Tennessee. Stocks, who was eighty-years-old and a widow, was a resident of Shelby County, Tennessee at the time of her death. She left a will bequeathing $50,000.00 to the Trinity Baptist Church in Memphis, Tennessee with the rest, residue, and remainder of her estate passing to a cousin, James Neely, and, in the event of his death, to his wife, Jewell Neely. James Neely died on June 4, 1991, and his wife died on May 21, 1996. In fact, it was at Jewell Neely's funeral that Stocks suffered the stroke that led to her death.

Hughes was a friend of Stocks and owns Cryer Funeral Home in Obion County, which handled Stocks's funeral and burial arrangements. Shortly after Stocks's death, Lyons, who was also a friend of Stocks, and Hughes contacted Stocks's first cousin and only known next of kin, Joanne N. Warren of South Fulton, Tennessee, regarding Stocks's estate. Hughes and Lyons visited Stocks's residence in Memphis and also visited the banks where she did business in Memphis and Obion, but they were unable to gain access to Stocks's two safety deposit boxes.

Hughes and Lyons then contacted H. A. Nohsey, the attorney in Union City, Tennessee who prepared Stocks's will on July 3, 1989. On June 6, 1996, Nohsey filed a petition for administration in the Chancery Court of Obion County on behalf of Hughes and Lyons seeking to probate the copy of the will and to have Hughes and Lyons appointed co-administratrices C.T.A. Stocks's only known next of kin, Joanne Warren, and her attorney, Hunter B. Whitesell, joined in this petition.

The petition avers that Hughes is the only known creditor of the estate and that Hughes and Lyons seek to administer the estate in Obion County rather than Shelby County because of convenience. Warren, Stocks's only known next of kin, joins in the petition for the purpose of consenting to the appointment of Hughes and Lyons as co-administratrices C.T.A. and to the administration of the estate in Obion County. The trial court admitted the copy of the will to

2

probate and appointed Hughes and Lyons as co-administratrices C.T.A. on June 6, 1996.[1]  On

June 7, 1996, Hughes and Lyon went to Memphis and, after obtaining access to Stocks's safe

deposit box, found Stocks's original will.  Hughes and Lyons filed the original will in the

Chancery Court of Obion County along with an amended petition on June 11, 1996.  The

chancery court entered an order admitting the original will, rather than the copy of the will, to

probate on June 17, 1996.  Hughes and Lyons began the administration of the estate after giving

notice to creditors in both Obion County and Shelby County.

On July 30, 1996, Anna Gayle Ironside (Ironside) and William A. Grisham (Grisham)

filed a petition in the Chancery Court of Obion County to vacate the order admitting Stocks's

will to probate based on a lack of venue.  In the petition, Ironside and Grisham allege that they

are the half-sister and half-brother of Stocks and are her next of kin under the Tennessee laws

of descent and distribution.  Hughes and Lyons filed a response to the petition on September 6,

1996, and they filed an amended response to the petition on September 9, 1996.  In their

responses, they assert certain procedural and substantive defenses including, *inter alia*, that the

petition to vacate was untimely and that Ironside and Grisham's only remedy was to appeal to

this Court.

At a hearing on September 19, 1996, Ironside and Grisham presented certified copies of

their birth certificates indicating that Ace Grisham, Stocks's biological father, was also their

biological father.  Shortly thereafter, on September 25, 1996, the chancery court entered an order

titled "Order Vacating Order Admitting To Probate The Last Will And Testament Of Maple Ione

Stocks For Lack Of Jurisdiction And/Or Venue." In addition to vacating the admission of the

will to probate, the court also discharged Hughes and Lyons as co-administratrices C.T.A. upon

their filing of a final accounting within thirty days of the date of the order.  In its order, the court

recognized that Hughes, Lyons, their attorney, Nohsey, and Whitesell, the attorney of Stocks's

first cousin, Joanne Warren, all performed valuable services for the estate and that they should

be compensated by the estate.  The court then directed that these parties file requests for fees

within the thirty-day period for the final accounting.  Hughes and Lyons filed their notice of

---

[1]  The parties agree that the chancery court admitted the copy of the will to probate
and appointed Hughes and Lyons as co-administratrices C.T.A. on this day.  The court's
order, however, was dated June 17, 1996.

appeal on October 24, 1996 and, on October 25, 1996, filed an accounting of the assets of the estate with the chancery court. Hughes, Lyons, Nohsey, and Whitesell also filed their requests for fees with the chancery court on October 25, 1996.[2]

Hughes and Lyons present two issues for our review: 1) whether the simultaneous probate of the Last Will and Testament of Maple Ione Stocks in the Chancery Court of Obion County, Tennessee and the appointment, qualification, and grant of letters of administration to Hughes and Lyons as co-administratrices C.T.A. were proper under the circumstances, and 2) whether the original order admitting the will to probate and granting letters of administration was properly vacated by a subsequent order in view of the procedural and substantive defenses raised by Hughes and Lyons. We will consider these issues together.

The proper venue in which to probate a will is set forth in T.C.A. § 32-2-101, which provides as follows:

> **32-2-101. Place of proving and recording will and granting letters testamentary.** — Wills shall be proved and recorded and letters testamentary granted in the probate court of the county where the testator had his usual residence at the time of his death, or, in case he had fixed places of residence in more than one county, in either or any of those counties.

T.C.A. § 32-2-101 (1984). The same venue is established for intestate estates. T.C.A. § 30-1-102 (1984). In the case before us, the testatrix's named executors are deceased, and the court appointed Hughes and Lyons co-administratrices with the will annexed. T.C.A. § 30-1-115 (1984).

Under the above statutes, a court in a county other than that in which the deceased had his or her usual residence does not have jurisdiction to admit the will the probate or to grant letters of administration. Nonetheless, it is well-settled that the admission of a will to probate in the wrong county cannot be collaterally attacked. *Townsend v. Townsend*, 44 Tenn. (4 Cold.) 70, 80 (1867); *Johnson v. Gaines*, 41 Tenn. (1 Cold.) 288, 289-90 (1860). The probate of a will in the wrong county must stand until the probate is revoked or vacated by the court granting the probate or until reversed by the proper appellate tribunal. *Townsend*, 44 Tenn. at 80; *Johnson*, 41 Tenn. at 289-90. The same is true with respect to the granting of letters of administration in

---

[2] These documents have not been considered or approved by the trial court and, although made an appendix to Hughes and Lyons's brief, will not be considered by this Court on appeal. *See* T.R.A.P. 13(c).

the wrong county. *See Bellenfant v. American Nat'l Bank*, 184 Tenn. 50, 195 S.W.2d 30, 31-32 (1946); *Franklin v. Franklin*, 91 Tenn. 119, 131, 18 S.W. 61, 64 (1892); *East Tennessee, V. & G. Ry. Co. v. Mahoney*, 89 Tenn. 311, 318-19. 15 S.W. 652 (1890).

Jurisdiction over probate matters formerly resided exclusively in the county courts. *See Townsend v. Townsend*, 44 Tenn. at 79. Probate jurisdiction was transferred to the chancery court in certain counties by legislation codified as T.C.A. § 16-16-201(a):

> In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates of every nature . . . is hereby vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates of every nature, including the estates of decedents . . . and all matters relating thereto, heretofore vested in the county court.

T.C.A. § 16-16-201(a) (1994).

The statutes previously relating to jurisdiction of county courts now apply to chancery courts or, where otherwise provided by public or private act, to probate courts.[3] T.C.A. § 16-16-202 (1994).

The record in this case indicates that Stocks was a resident of Shelby County at the time of her death, and none of the parties suggests that she was a resident of both Shelby and Obion Counties. Therefore, under T.C.A. § 32-2-101, Shelby County, and not Obion County, was the proper county in which to admit the will to probate and to grant letters of administration. By the same token, Obion County was the proper county in which to directly attack the probate of the will, as in this case.

Hughes and Lyons also assert that Ironside and Grisham's recourse is limited to appeal from the chancery court's order admitting the will to probate. They further assert that since the petition to vacate was filed more than thirty days after entry of the trial court's order admitting the will to probate, the petition to vacate came too late. We disagree with both assertions.

T.C.A. § 16-16-107 provides in pertinent part:

**16-16-107. Original jurisdiction.** - The county court has

---

[3] Obion County is not a county in which the legislature specifically transferred jurisdiction over probate matters to a probate court. Thus, under T.C.A. § 16-16-201(a), jurisdiction over the probate of wills and other administration matters in Obion County lies exclusively in the chancery court of that county.

original jurisdiction in the following cases:

*         *         *

(2) The granting of letters testamentary and of admin- istration, and the repeal and revocation thereof . . . .

T.C.A. § 16-16-107 (1994). "[Letters of administration may], upon proper application and showing, be revoked by that county court which ordered their issuance, this power of revocation being vested in that court by § 10225 (2) [now T.C.A. § 16-16-107 (2)] of the Code." *Bellenfant,* 184 Tenn. at 52, 195 S.W.2d at 31. These principles now apply to the chancery court in the instant case. T.C.A. § 16-16-202 (1994).

Hughes and Lyons's assertions that the petition to vacate comes too late is equally without merit. T.C.A. § 32-4-108 (Supp. 1996) provides:

> **Statute of limitations.** - All actions or proceedings to set aside the probate of any will, or petitions to certify such will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.

As stated previously, Stocks was a resident of Shelby County at the time of her death. Thus, the Probate Court of Shelby County is the court with proper jurisdiction over the probate of the will and the administration of the estate in this case. Appellants may file their claim for fees and expenses in that court.

Accordingly, the trial court's order vacating the admission of the will to probate is affirmed, and this case is remanded for such further proceedings as may be necessary. Costs are assessed against the appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**